**Marvin Alberto GARCIA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Marvin Garcia, Petitioner,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

**Marvin Alexi Garcia, aka Spooks, Petitioner,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

Nos. 04–74297, 05–73199, 06–75262.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2008.

Filed July 25, 2008.

Alan Hutchison, for Petitioner.

Kathryn L. Deangelis, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel, Office of the District Chief

---

** The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**452**

Counsel, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, San Francisco, CA, for Respondent.

Before: SCHROEDER, LEAVY, and WALKER *, Circuit Judges.

MEMORANDUM **

In these three consolidated immigration cases, Marvin Alberto Garcia, a native and citizen of Honduras and former lawful permanent resident of the United States, petitions for review of the Board of Immigration Appeals' ("BIA") orders dismissing his appeals from an immigration judge's ("IJ") decisions denying his motion to reopen his original 1996 deportation proceedings (No. 04–74297) and denying his motion to terminate his 2005 removal proceedings (No. 06–75262). In addition, following the district court's transfer of Garcia's habeas corpus petition to us under § 106(c) of the REAL ID Act, Garcia challenges his 1996 deportation proceedings (No. 05–73199). Our jurisdiction is governed by 8 U.S.C. § 1252. We review the BIA's findings of fact for substantial evidence, *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir. 2005), and we deny the petition for review in No. 06–75262, and dismiss as moot the petitions in Nos. 04–74297 and 05–73199.

The BIA properly determined that Garcia was removeable as charged in the November 26, 2004, Notice to Appear, as an alien present in the United States without having been admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i), and as an alien who had twice previously been ordered removed and who sought admission within 20 years

of the date of his last removal. 8 U.S.C. § 1182(a)(9)(A)(ii). The agency also properly denied Garcia's request for permission to reenter nunc pro tunc because he was presently inadmissable and, therefore, ineligible for adjustment of status. 8 U.S.C. § 1182(a)(9)(A)(ii).

Because the November 3, 2005, order of removal is lawful and valid, Garcia's challenges to his July 22, 1996, deportation order are moot.

**PETITION FOR REVIEW IN 06–75272 DENIED; PETITIONS FOR REVIEW IN 04–74297 and 05–73199 DISMISSED.**

---

* The Honorable John M. Walker, Jr., Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.